IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WILLIE CLARENCE POOLE, | : | |
| | : | |
| Plaintiff, | : | NO. 5:23-CV-00187-TES-CHW |
| VS. | : | |
| | : | |
| MEDICAL STAFF, *et al.*, | : | |
| | : | PROCEEDINGS UNDER 42 U.S.C. §1983 |
| Defendants | : | BEFORE THE U. S. MAGISTRATE JUDGE |

**ORDER**

*Pro se* Plaintiff Willie Clarence Poole, a prisoner incarcerated at the Dooly State Prison in Unadilla, Georgia, has filed a motion to proceed *in forma pauperis* (ECF No. 1). However, Plaintiff has yet to file a complaint. Plaintiff will be required to file a complaint on the Court's standard form, as instructed below, if he wishes to pursue a civil action in this Court. Plaintiff must fully and truthfully respond to each question presented on the standard form including but not limited to those questions regarding previous federal lawsuits and whether he has pursued grievances and exhausted his administrative remedies.

Plaintiff has listed "Medical Staff" and "Dooley Administration" as Defendants in the caption of his motion to proceed *in forma pauperis*. ECF No. 1 at 1. This generalized designation of an unspecified group of people based solely in employment is insufficient to state a claim. *See e.g.*, *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). Thus, in drafting his complaint, Plaintiff must take care to clearly identify, by name, each

individual that Plaintiff has a claim against and wishes to include as a Defendant. Furthermore, if Plaintiff intends to name a supervisory official such as a Warden, Deputy Warden, or medical supervisor as a defendant then he is cautioned that supervisors within a prison are liable under § 1983 only if they personally participate in the constitutional violation, direct their subordinates to act unlawfully, or know their subordinates will act unlawfully but fail to stop them.  *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir.2010).  In other words, a plaintiff must allege facts showing either that a supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation to state a claim against a supervisory prison official.  *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999); *see also Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x 862, 866-67 (11th Cir. 2008) (*per curiam*) (rejecting claim where the plaintiff failed to allege decision making officials took specific actions amounting to a constitutional violation); *Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

    Plaintiff should take care to include all relevant factual allegations that he wishes to raise against a named defendant in this complaint.  The Court will only consider the factual allegations and claims contained in Plaintiff's complaint should he file one and will not consider any allegations contained in Plaintiff's previous pleadings presented to

this Court. Accordingly, any fact Plaintiff deems necessary to his claim against a named defendant should be clearly stated on the complaint form.

Plaintiff is cautioned that the opportunity to cast a complaint is not an invitation for him to include every imaginable claim that he may have against any state official. Just because alleged events occur in one prison does not necessarily make claims about those allegations related. A plaintiff cannot join unrelated claims and defendants in a single action. Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether a 'logical relationship' exists between the claims. *Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016) (quoting *Alexander v. Fulton Cty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)). For there to be a "logical relationship," the claims must "arise from common operative facts." *Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013) (citations omitted). If Plaintiff attempts to join unrelated claims, those claims may be dismissed.

It is recommended that, when drafting his statement of claims on the standard form, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) What did this Defendant do (or not do) to violate your rights? In other words: What was the extent of this Defendant's role in the unconstitutional conduct?

(2) Is the Defendant a supervisory official and if so, was he/she personally involved in the constitutional violation? If not, how did his/her actions

otherwise cause the unconstitutional action? How do you know?

(3) When and where did each action occur (to the extent memory allows)?

(4) How were you injured because of this Defendant's actions or inactions?

(5) What relief do you seek from this Defendant?

Plaintiff should state his claim as simply as possible referring only to the relevant allegations against the named defendants in this case. Plaintiff must provide enough facts to plausibly demonstrate that each Defendants' actions or omissions resulted in the violation of his constitutional rights. *See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). If Plaintiff fails to link a named Defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint against a named Defendant, that Defendant will be dismissed.

Plaintiff also need not use legal terminology or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. Plaintiff is not to include any exhibits or attachments (*i.e* witness statements, medical records, etc.). ***The complaint must be no longer than ten (10) pages in its entirety.***

## CONCLUSION

Plaintiff is **ORDERED** to complete and return the 42 U.S.C. § 1983 complaint form following this Court's instructions herein within **FOURTEEN (14) DAYS** of the

date of this Order. The Court will defer its ruling on Plaintiff's motion to proceed *in forma pauperis* (ECF No. 1) to await the filing of a complaint by the Plaintiff.

There shall be **NO SERVICE** of process or commencement of discovery until further order of the Court. Plaintiff is to notify the Court of any change of address. **Plaintiff's failure to fully and timely comply with this Order may result in the immediate dismissal of this action.**

The Clerk of Court is **DIRECTED** to forward a copy of this order and a 42 U.S.C. § 1983 complaint form (with the civil action number shown on all) to Plaintiff.

**SO ORDERED and DIRECTED**, this 23rd day of June, 2023.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge